IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,651-01






ADAM KELLY WARD, Relator-Movant



v.



THE HONORABLE RICHARD A. BEACOM,


Judge, 354th Judicial District Court of Hunt County, Respondent









ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS
FROM CAUSE NO. 23,182 IN THE 354TH JUDICIAL DISTRICT COURT

HUNT COUNTY




 Per Curiam. 


O R D E R




 In June 2007, a jury found relator guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set relator's punishment at death. Relator's direct
appeal is currently pending in this Court. Ward v. State, No. AP-75,750. 

 Currently before us is relator's motion for leave to file a petition for writ of
mandamus. In the motion, relator asserts that the attorney appointed to represent him on
direct appeal was not on the approved list of attorneys qualified to represent appellants on
direct appeal, which list is maintained by the First Administrative Judicial Region as required
by Texas Code of Criminal Procedure Article 26.052. Moreover, counsel was not on the list
either at the time he was appointed or at the time he filed relator's brief on direct appeal. 
Therefore, relator asserts, the original appointment order is null and void, and the trial court
is under a ministerial duty to appoint counsel from the approved list. 

 On October 1, 2008, in response to relator's motion, we stayed the direct appeal
proceedings in the case and gave the respondent an opportunity to respond to the mandamus
petition. Ward v. The Hon. Richard A. Beacom, No. WR-70,651-01 (Tex. Crim. App. Oct.
1, 2008)(not designated for publication). Just prior to our issuing the order staying the direct
appeal proceedings, relator's habeas counsel, relator's (allegedly unqualified) direct appeal
counsel, and the State's counsel all filed an agreed motion to "disqualify" Peter Morgan as
relator's direct appeal counsel because he was not qualified to accept the appointment per the
dictates of Article 26.052. Because of our ruling on that motion, we deny relator leave to file
his petition for writ of mandamus. See Ward v. State, No. AP-75,750 (Tex. Crim. App. Nov.
19, 2008)(not designated for publication).

 IT IS SO ORDERED THIS THE 19TH DAY OF NOVEMBER, 2008.

Do Not Publish